# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Signify North America Corporation and
Signify Holding B.V.,

    Plaintiff(s),

vs.

Lepro Innovation Inc., LE Innovation Inc., Innovation Rules Inc., Home Ever Inc. and LetianLighting, Inc.

    Defendant(s).

Case #2:22-cv-02095-JAD-DJA

**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL**

FILING FEE IS $250.00

_____Nicholas A. Brown_____, Petitioner, respectfully represents to the Court:
(name of petitioner)

1. That Petitioner is an attorney at law and a member of the law firm of

Greenberg Traurig, LLP
(firm name)

with offices at 101 Second St., Suite 2200
(street address)

San Francisco, California, 94105
(city)           (state)    (zip code)

(415) 655-1300, nicholas.brown@gtlaw.com
(area code + telephone number)    (Email address)

2. That Petitioner has been retained personally or as a member of the law firm by

Defendants to provide legal representation in connection with
[client(s)]

the above-entitled case now pending before this Court.

Rev. 5/16

3. That since ___December 7, 1998___, Petitioner has been and presently is a
(date)
member in good standing of the bar of the highest Court of the State of ___California___
(state)
where Petitioner regularly practices law. Petitioner shall attach a certificate from the state bar or from the clerk of the supreme court or highest admitting court of each state, territory, or insular possession of the United States in which the applicant has been admitted to practice law certifying the applicant's membership therein is in good standing.

4. That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| Northern District of California | 08/09/2001 | CA 198210 |
| Central District of California | 08/05/2003 | CA 198210 |
| Ninth Circuit | 04/14/2004 | CA 198210 |
| Eastern District of Texas | 10/27/2011 | n/a |
| Southern District of California | 11/15/2011 | CA 198210 |
| Federal Circuit | 02/10/2012 | n/a |
| Supreme Court of the United States | 05/21/2018 | n/a |

5. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below:

See attached sheet.

2

Rev. 5/16

6. That Petitioner has never been denied admission to the State Bar of Nevada. (Give particulars if ever denied admission):

None

7. That Petitioner is a member of good standing in the following Bar Associations.

State Bar of California (No. 198210)

8. Petitioner has filed application(s) to appear as counsel under Local Rule IA 11-2 (formerly LR IA 10-2) during the past three (3) years in the following matters: (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| | | None | |
| | | | |
| | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9. Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10. Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

3

Rev. 5/16

1     That Petitioner respectfully prays that Petitioner be admitted to practice before this Court
2 FOR THE PURPOSES OF THIS CASE ONLY.

_____
Petitioner's signature

STATE OF _____California_____ )
) 
COUNTY OF __San Francisco__ )

_____Nicholas A. Brown_____, Petitioner, being first duly sworn, deposes and says:

That the foregoing statements are true.

_____
Petitioner's signature

Subscribed and sworn to before me this

__21__ day of __August__, __2023__.

_____
Notary Public or Clerk of Court

JAMES FLEMING JR.
Notary Public - California
San Francisco County
Commission # 2366482
My Comm. Expires Jul 20, 2025

## DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO THE BAR OF THIS COURT AND CONSENT THERETO.

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate _____Akke Levin_____,
(name of local counsel)
Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

_____10845 Griffith Peak Drive_____,
(street address)

____Las Vegas____, ____Nevada____, __89135__,
(city) (state) (zip code)

__(702) 792-3773__, __Akke.Levin@gtlaw.com__.
(area code + telephone number) (Email address)

4

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____Akke Levin_____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_Tian Ying Li_
(party's signature)

LeitianLighting, Inc., Tianying Li, Director
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

### CONSENT OF DESIGNEE
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_[signature]_
Designated Resident Nevada Counsel's signature

| SBN 9102 | Akke.Levin@gtlaw.com |
|---|---|
| Bar number | Email address |

APPROVED:

Dated: this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

5

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____Akke Levin_____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_____Litao Xu_____
(party's signature)

Le Innovation Inc., Litao Xu, Director
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

### CONSENT OF DESIGNEE
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_____
Designated Resident Nevada Counsel's signature

SBN 9102                    Akke.Levin@gtlaw.com
Bar number                  Email address

APPROVED:

Dated: this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

5

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____Akke Levin_____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

*Maosheng Wu*
(party's signature)

Innovation Rules Inc., Maosheng Wu, Director
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

## CONSENT OF DESIGNEE

The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

[signature]
Designated Resident Nevada Counsel's signature

SBN 9102               Akke.Levin@gtlaw.com
Bar number             Email address

APPROVED:

Dated: this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

5

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____Akke Levin_____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_____Qian Yu_____
(party's signature)

Home Ever Inc., Qian Yu, Board Member
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

## CONSENT OF DESIGNEE

The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_____
Designated Resident Nevada Counsel's signature

SBN 9102                    Akke.Levin@gtlaw.com
Bar number                  Email address

APPROVED:

Dated: this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

5

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____Akke Levin_____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_____Taiming Xu_____
(party's signature)

Lepro Innovation Inc., Taiming Xu, Director
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

## CONSENT OF DESIGNEE
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_____
Designated Resident Nevada Counsel's signature

SBN 9102                Akke.Levin@gtlaw.com
Bar number              Email address

APPROVED:

Dated: this _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE

5                                                    Rev. 5/16

5. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below:

In 2004, based on a misdemeanor conviction that has since been expunged from my record, I received a public reproval from the State Bar of California and was placed on probation for one year. I successfully completed that probation. The public reproval noted as mitigating factors both that I displayed candor and cooperation, and that I displayed remorse. The expunged misdemeanor was unrelated to my practice of law.

There are no disciplinary proceedings pending against me in any court, except there is an investigation pending at the International Trade Commission ("ITC") regarding a possible breach of an ITC protective order in ITC Investigation No. 337-TA-1220. The possible breach occurred in 2022 when documents marked confidential were provided at my direction to another Greenberg Traurig attorney who was lead counsel in a related *Inter Partes* Review ("IPR") proceeding. The attorney in question was bound by a protective order in the IPR, and pursuant to that IPR protective order the attorney had been previously provided by opposing counsel with other documents that were likewise marked confidential in the ITC case. If this was a breach of the protective order (which the ITC will determine), it was unintentional because I believed that the attorney was authorized to receive it: he was bound by the IPR protective order that the parties had negotiated, and pursuant to that IPR protective order opposing counsel had already provided him with other confidential documents from the same ITC case. Additionally, if this was a breach I believe that there was no harm as no confidential information was made public and the person who received it was bound to maintain the confidentiality of those documents.

In 2021, my admission *pro hac vice* was withdrawn or denied in ten IPR proceedings because my pro hac vice applications did not disclose the public reproval from the State Bar of California that is describe above. The Patent Trial and Appeal Board found that my interpretation of the Board's rules as not requiring the disclosure of that reproval was unreasonable, and withdrew my *pro hac vice* admission. IPR2020-00813, Paper No. 39; *see also* IPR2020-00579, IPR2020-00695, IPR2020-00780, IPR2020-00836, IPR2020-00146, IPR2020-00410, IPR2020-00608, IPR2020-00704, IPR2020-00750. However, the Board's order stated (at page 10): "Nothing in this Order forecloses Mr. Brown from seeking *pro hac vice* admission in other Board proceedings."



# Supreme Court of California

JORGE E. NAVARRETE
*Clerk and Executive Officer of the Supreme Court*

## CERTIFICATE OF THE CLERK OF THE SUPREME COURT

### OF THE

### STATE OF CALIFORNIA

### <u>*NICHOLAS AUBERON BROWN*</u>

*I, JORGE E. NAVARRETE, Clerk/Executive Officer of the Supreme Court of the State of California, do hereby certify that NICHOLAS AUBERON BROWN, #198210, was on the 7th day of December, 1998 duly admitted to practice as an attorney and counselor at law in all the courts of this state, and is now listed on the Roll of Attorneys as a member of the bar of this state in good standing.*

*Witness my hand and the seal of the court on the 1st day June, 2023.*

JORGE E. NAVARRETE
*Clerk/Executive Officer of the Supreme Court*

By: _____
Robert R. Toy, Senior Deputy Clerk