F. Christopher Austin (SBN 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 382-4804
Email: caustin@weidemiller.com

Jeremy P. Oczek (Pro hac vice)
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
Email: jpoczek@bsk.com

Jonathan L. Gray (Pro hac vice)
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8500
Email: jlgray@bsk.com

*Counsel for Plaintiffs*
*Signify North America Corporation*
*and Signify Holding B.V.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.<br><br>Plaintiffs,<br><br>v.<br><br>LEPRO INNOVATION INC, LE INNOVATION INC, INNOVATION RULES INC., HOME EVER INC., and LETIANLIGHTING, INC.,<br><br>Defendants. | Case 2:22-cv-02095-JAD-DJA<br><br>**PLAINTIFF'S OPPOSITION TO NICHOLAS A. BROWN'S MOTION / VERIFIED PETITION FOR PERMISSION TO PRACTICE PRO HAC VICE IN THIS CASE (ECF 55)** |

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") hereby oppose Nicholas A. Brown's Motion/Verified Petition to Practice *Pro Hac Vice* in this case (ECF 55) ("PHV Petition").

- 1 -
**NOTICE RE NICHOLAS A. BROWN PRO HAC VICE APPLICATION**

**I.     INTRODUCTION**

After filing a Notice of Orders Denying the Pro Hac Vice Applications of Mr. Brown in Other Matters (ECF 57), counsel for Defendants LePro Innovations, et. al ("Defendants") asked Signify to clarify whether it was opposing the PHV Petition, "so that we may expect that you file an objection or otherwise move the Court to disqualify."[1] In response, Signify hereby clarifies that it opposes Mr. Brown's PHV Petition because it is incomplete as identified in the Notice and discussed herein.

**II.     ARGUMENT**

Specifically, in his PHV Petition, Mr. Brown acknowledges that his admission *pro hac vice* was denied or withdrawn by the U.S. Patent Trial and Appeal Board ("PTAB") in 10 Patent IPR proceedings because he did not disclose the public reproval he received from the State Bar of California in connection with a 2004 California misdemeanor conviction.[2] In summarizing the Board's orders, denying and withdrawing admission, Mr. Brown states only that the "Board found [his] interpretation of the Board's rules as not requiring the disclosure of that [California Bar] reproval was unreasonable".[3]

A true and correct copy of the referenced Order denying Mr. Brown's *pro hac vice* admission is attached to hereto as <u>Exhibit A</u>.[4] This Order gives a more complete explanation than that set forth in the PHV Petition. Pursuant to the Order, the Board denied and withdrew Mr. Brown's *pro hac vice* applications in those IPR proceedings not merely because it found his interpretation of the Board's requirement to disclose his prior sanction unreasonable, but "[b]ecause Mr. Brown chose to make a false statement in his Declaration in Support of Petitioner's Motion for *Pro Hac Vice* Admission that '[n]o sanction or contempt citation had been imposed against me by any court or administrative body'."[5]

---

[1] *See,* Attestation of Counsel, *infra*.

[2] ECF 55, at 10.

[3] *Id.*

[4] Order for Denying Petitioner's Motion for Pro Hac Vice Admission of Nicholas A. Brown, *Satco Prods., Inc., v. Seoul Semiconductor Co., Ltd.*, IPR 2020-00836 (PTAB, Feb. 16, 2021), attached hereto as **Exhibit A**.

[5] *Id.,* at 5.

Mr. Brown subsequently filed a Request for Rehearing of the Board's Order Denying his *pro hac vice* application. A true and correct copy of the Order Denying the Request for Rehearing is attached hereto as Exhibit B.[6] The Board denied that Request as well.[7]

Signify is surprised that Mr. Brown chose not to fully disclose this information to the Court in this case. This is particularly so, since Mr. Brown has done so in at least one other federal court proceeding of which Signify is aware. In the matter of *Satco Products, Inc. v. Signify North America Corp.*, before the Western District of Texas,[8] Mr. Brown similarly petitioned to appear *pro hac vice*. A true and correct copy of that petition is attached hereto as Exhibit C.[9] In that petition, Mr. Brown disclosed that the reason the Board denied his applications was because "the Board found that I 'chose to make a false statement in his Declaration in Support of Petitioner's Motion for Pro Hac Vice Admission'".[10] Mr. Brown then further attached to that petition, the PTAB's Order Denying his Motion for Pro Hac Vice Admission,[11] his Motion for Rehearing of the Order Denying his Petition with his supporting declaration,[12] the Board's Order Denying his Request for Rehearing,[13] the Board's Order to Show Cause why his prior admission *pro hac vice* should not be withdrawn in four other IPR proceedings light of the circumstances described in [the first Board Order denying his petition],"[14] Mr. Brown's Response to that Order to Show Cause,[15] and the PTAB's Order Withdrawing Mr. Brown's *pro hac vice* Admissions in the four other IPR proceedings.[16] After having the benefit of the circumstances and filings connected with

---

[6] Order Denying Petitioner's Request for Rehearing, *Satco Prods., Inc., v. Seoul Semiconductor Co., Ltd.*, IPR 2020-00836 (PTAB, Sep. 23, 2021), attached hereto as **Exhibit B**.

[7] *Id.*, at 5.

[8] *Satco Products, Inc. v. Signify North America Corp., et al,* Case No. 6:21-cv-00146-ADA (W.D.Tex. 2021).

[9] Motion for Admission Pro Hac Vice (ECF 52), *Satco Products, Inc. v. Signify North America Corp., et al,* Case No. 6:21-cv-00146-ADA (W.D.Tex., Dec., 1, 2021), attached hereto as **Exhibit C**.

[10] *Id.,* at Exhibit 1, ¶ 11.

[11] *Id.,* at Exhibit 1A.

[12] *Id.,* at Exhibit 1B-C.

[13] *Id.,* at Exhibit 1D.

[14] *Id.,* at Exhibit 1E.

[15] *Id.,* at Exhibit 1F.

[16] *Id.,* at Exhibit 1G.

the denial and withdrawal of Mr. Brown's *pro hac vice* applications, the Texas district court approved his request.

What concerns Signify is Mr. Brown's failure to similarly make such a full disclosure to this Court and particularly his failure to note that the reason for the denial of his petitions to the PTAB were the result of the Board's finding that he "chose to make a false statement in his Declaration in Support of Petitioner's Motion for Pro Hac Vice Admission." That failure of disclosure in this case is concerning because Mr. Brown could otherwise have readily provided this Court with the same disclosures he provided the district court in Texas but chose not to do so.

### III.   CONCLUSION

For the foregoing reasons, Signify opposes the PHV Petition of Mr. Brown as filed and hereby submits for the Court's consideration the orders, filings, and prior statements of Mr. Brown that were omitted from Mr. Bown's PHV Petition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### IV. ATTESTATION OF COUNSEL

The undersigned counsel hereby declares under penalty of perjury under the laws of the United States of America that the representations regarding the email correspondence with opposing counsel set forth herein above are true and correct and that the Exhibits attached hereto are true and correct copies of the filings identified therein.

Dated: August 24, 2023

Respectfully submitted,

*/s/ F. Christopher Austin*

F. Christopher Austin (SBN 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 382-4804
Email: caustin@weidemiller.com

Jeremy P. Oczek (Pro hac vice)
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
Email: jpoczek@bsk.com

Jonathan L. Gray (Pro hac vice)
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8500
Email: jlgray@bsk.com

*COUNSEL FOR PLAINTIFFS*
*Signify North America Corporation and Signify Holding B.V.*

**NOTICE RE NICHOLAS A. BROWN PRO HAC VICE APPLICATION**

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on August 24, 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

*/s/ F. Christopher Austin*
An employee of Weide & Miller, Ltd.
