# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Signify North America Corporation, et al.,<br><br>  Plaintiffs<br><br>v.<br><br>Lepro Innovation Inc., et al.,<br><br>  Defendants | Case No.: 2:22-cv-02095-JAD-DJA<br><br>**Order Granting Plaintiffs' Motion<br>to Strike and Defendants' Motion<br>for Leave to Amend**<br><br>[ECF Nos. 43, 45] |

  This is a patent-infringement suit over LED lighting products. Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") allege that defendants Lepro Innovation Inc., LE Innovation Inc., Innovation Rules Inc., Home Ever Inc., and Letianlighting, Inc. infringed seven of plaintiffs' patents covering various LED technologies. Defendants served their invalidity contentions on Signify in May of this year.[1] The parties had a meet-and-confer conference less than a month later, during which two issues came to light: (1) Signify indicated its intention to move to strike the defendants' 48 uncharted prior-art references from the invalidity contentions, and (2) the defendants sought Signify's consent to obtain leave to amend their invalidity claim charts to add a missing secondary prior-art reference.[2] The parties came to an impasse on both issues.

---

[1] ECF No. 46 (Chen's declaration).

[2] These uncontested procedural facts are taken from Chen's declaration, *id.*, which both parties cite to in their briefs, *see* ECF No. 45 at 2; ECF No. 49 at 3, as well as counsel's emails, ECF No. 43-3.

Signify now moves to strike defendants' uncharted references, contending that they violate Local Patent Rule 1-8(d).[3] The defendants oppose, arguing that striking those references is unnecessary because they are either "family members" of the charted references or may be used to establish background on the state of the art.[4] They also request that, should I strike the uncharted references, I also give them leave to amend their disclosure to cure any noncompliance with the local rules. The defendants also separately seek leave to amend their claim charts to add a single secondary prior-art reference that would establish obviousness on a claim for one of the patents.[5]

I grant Signify's motion to strike the defendants' 48 uncharted references in their invalidity contentions because those disclosures are inadequate under Local Patent Rule 1-8. But I do so with leave to amend these references to comply with the rules. And, because the defendants have shown good cause to amend their claim charts to add a secondary reference, I also grant them leave to do that.

## Discussion

**I.     Defendants' uncharted references violate this district's local patent rules.**

Signify moves to strike the defendants' 48 uncharted prior-art references because this district's local patent rules require each of those references to have a corresponding claim chart identifying how each prior art will be used.[6] The local rules[7] mandate that parties disclose in

---

[3] ECF No. 44.

[4] *Id.* at 2.

[5] ECF No. 45.

[6] *See* ECF No. 43 at 2–3.

[7] The local patent rules for the District of Nevada are similar to those in the Northern District of California, so I consider opinions by courts in those districts persuasive. *See Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1162–63 (D. Nev. 2014) (noting

detail their asserted claims and infringement contentions to ensure that they "crystallize their theories of the case early in the litigation and . . . adhere to those theories once they have been disclosed."[8]  To that end, Rule 1-8(d) requires defendants to produce a "chart identifying specifically where in each alleged item of prior art each limitation of each asserted claim is found."[9]  The Federal Circuit has stated that local patent rules "are essentially a series of case management orders," so "the court may impose any 'just' sanction for failure to obey" those rules,[10] including the exclusion of evidence.[11]

No party disagrees that the 48 references at issue are uncharted.[12]  Rather, the defendants contend that striking these references is an unnecessary sanction because they are either "family members or priority documents of the charted references," or they may be used "for the limited purpose of establishing technology background [on the] state of the art."[13]  The defendants support these contentions by relying primarily on the opinion from the Northern District of California in *Slot Speaker Technologies v. Apple*.[14]  In that case, the court held that Apple's inclusion of 500 uncharted references "as background on the state of the art" was permissible but

---

similarities in local patent rules between those adopted in the District of Nevada and the Northern District of California).

[8] *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l*, 2006 WL 1329997, at *4 (N.D. Cal. May 15, 2006); *see* L.P.R. 1-6.

[9] L.P.R. 1-8(d).

[10] *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).

[11] *Id.* at 1369 ("[B]oth the Ninth Circuit and [the Federal Circuit] have concluded that the exclusion of evidence is often an appropriate sanction for the failure to comply with [scheduling] deadlines.").

[12] ECF No. 44 at 2.

[13] *Id.* at 2.

[14] *Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 235049 (N.D. Cal. Jan. 17, 2017).

ordered that it "amend its contentions to specifically state that these references are for background use only, and will not be relied upon as invalidating prior art."[15]

The *Slot Speaker* opinion does not save the defendants' references here. Though the court in that case noted that uncharted references could be used as background, it ordered that Apple amend its contentions to specify that those references would not be used to prove invalidity. The defendants here don't indicate in their disclosure that the uncharted prior art will be used only for background—that proposal was expressed in email correspondence following service of the defendants' contentions.[16] In fact, as Signify argues, the defendants suggest the opposite in their opposition, stating that the charted references "allow [p]laintiffs to ascertain the invalidity theories with respect to the uncharted family references."[17] If the defendants intend to use any "family references" to support their invalidity contentions, they must comply with the local patent rules and chart those references accordingly. Because it isn't clear from the defendants' disclosure that they intend to use all uncharted references only as background, that disclosure is deficient.

Signify argues that courts in the Ninth Circuit have regularly stricken such inadequate disclosures,[18] relying mainly on the Northern District of California case of *Ironworks Patents LLC v. Samsung Electronics Co.*[19] In *Ironworks*, defendant Samsung disclosed 29 "[a]dditional

---

[15] *Id.* at *8.

[16] *See* ECF No. 43-3.

[17] ECF No. 47 at 3 (citing ECF No. 44 at 4).

[18] ECF No. 43 at 5–6 (citing *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8, 2009); *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 4097740, at *1–2 (N.D. Cal. Sept. 17, 2012); *Emcore Corp. v. Optium Corp.*, 2009 WL 3381800, at *2 (W.D. Pa. Oct. 16, 2009)).

[19] *Ironworks Pats. LLC v. Samsung Elecs. Co.*, 2017 WL 4573366 (N.D. Cal. Oct. 13, 2017).

4

"[r]eferences" as "background" but also stated in its disclosure that it "may rely on these references as invalidating prior art."[20] The court was unmoved by Samsung's background-use argument and struck those references, finding that its disclosure was inadequate to allow it. Here, the defendants similarly explain that they intend to use the uncharted references as background art. But like in *Ironworks*, their disclosure lists all references as "prior art" and makes no mention of background use. I thus find that the defendants' disclosure is inadequate for their proposed purpose, so I grant Signify's motion to strike the defendants' 48 uncharted prior-art references.

## II. The defendants have shown good cause for leave to amend their claim charts to comply with the local rule.

The defendants seek leave to amend their claim charts to cure deficiencies regarding the 48 uncharted references and to add secondary reference U.S. Patent No. 5,632,551, identified by the parties by the name "Roney," that would establish obviousness for a claim in Signify's '604 patent.[21] Local Patent Rule 1-12 permits amendments to disclosures only upon a showing of good cause to prevent "infringement contentions from becoming moving targets throughout the lawsuit."[22] Thus, a party seeking amendment must establish that it acted diligently.[23] Courts in the Ninth Circuit have also considered as part of their good-cause analyses whether the amendment was motivated by gamesmanship, what effect amendment would have on discovery

---

[20] *Id.* at *1.

[21] ECF No. 45; ECF No. 44 at 1, 5.

[22] L.P.R. 1-12; *Silver State Intell. Techs.*, 32 F. Supp. at 1162.

[23] *O2 Micro Int'l*, 467 F.3d at 1368.

and case management, the materiality of the proposed amendment, and whether the non-movant would suffer undue prejudice.[24]

  The defendants argue that leave is warranted because they were diligent in communicating their intent to amend and sending proposed amendments to Signify,[25] amendment would not impact the case-management schedule because this motion was filed well ahead of case deadlines, and no gamesmanship is present because "the case is still in the early stages of discovery."[26]  Signify responds that the defendants have failed to establish good cause because they were dilatory: the Roney reference they seek to add was not newly discovered or otherwise unavailable during the initial service of their contentions, and the defendants waited 50 days after that service to file this motion.[27]  Signify adds that it would be prejudiced if defendants were permitted to chart the Roney reference because amendment at this stage would "introduce an entirely new theory that was not part of the [i]nvalidity [c]ontentions."[28]  And Signify opposes the defendant's request for leave to amend the 48 uncharted references for similar reasons, contending that "[i]t is too late" because the "parties are already in the middle of claim construction under the" local patent rules.[29]

  The record shows that the defendants were diligent in seeking leave to amend their invalidity contentions.  They conveyed to Signify their intent to amend one month after their

---

[24] *See, e.g., Yodlee, Inc. v. CashEdge, Inc., 2007* WL 1454259, at *2, 7 (N.D. Cal. May 17, 2007); *Zardo Prods., Inc. v. Feit Elec. Co.*, 2020 WL 7380465, at *5–6 (C.D. Cal. Sept. 30, 2020); *OpenDNS, Inc. v. Select Notifications Media, LLC*, 2013 WL 2422623, at *3 (N.D. Cal. June 3, 2013).

[25] ECF No. 45 at 4.

[26] *Id.* at 5.

[27] ECF No. 49 at 6.

[28] *Id.* at 7.

[29] ECF No. 47 at 5.

6

invalidity contentions were served and then sent their proposed amendments three days after the parties had their first meet-and-confer conference.[30] Signify argues that this timeline establishes dilatory behavior by relying on an unpublished opinion from this district in *Linksmart Wireless Technology v. Caesars Entertainment*.[31] But, as the defendants point out, *Linksmart* is highly distinguishable. In that case, the plaintiff served its amended infringement contentions seven months after the court's claim-construction order, three months after the initial discovery deadline, and on the evening of the extended discovery deadline.[32] But here, the defendants sent Signify their proposed amendment within days of indicating their intent to do so and long before any expert-designation and discovery deadlines, which are still many months away.[33] Because the defendants acted quickly in the early stages of discovery, I find that they were diligent in seeking leave to amend their invalidity contentions.

      For the same reasons, amendment would not impact the case-management schedule, promote gamesmanship, or unduly prejudice Signify. Though Signify argues that it is too late to amend because the parties are in the claim-construction phase, it cites no case law supporting a bar to amendment at this juncture. Instead, cases cited by the defendants show that district courts have found no prejudice if there is still sufficient time to conduct discovery on the amendments.[34] The discovery deadline in this case is May 3, 2024,[35] so Signify has ample time

---

[30] ECF No. 45 at 4; ECF No. 50 at 2.

[31] *Linksmart Wireless Tech., LLC. v. Caesars Ent. Corp.*, 2021 WL 201775, at *3 (D. Nev. Jan. 20, 2021).

[32] *Id.* at *2–3; *see* ECF No. 50 at 3.

[33] *See* ECF No. 37 (scheduling order); ECF No. 45 at 5.

[34] ECF No. 50 at 3–4 (citing *Golden Hour Data Sys. v. Health Servs. Integration,* 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008); *Yodlee,* 2007 WL 1454259, at *3).

[35] ECF No. 37.

to conduct any discovery necessary in response to the defendants' amendment of its uncharted references, including the addition of the Roney secondary reference because it was included in the initial disclosure. So I find that the defendants have shown good cause, and I grant their motion for leave to amend their 48 uncharted prior-art references, including the addition of Roney as a secondary reference to challenge the validity of Signify's '604 patent. Of course, the defendants' amendments must comply with the disclosure requirements under Rule 1-8.

## Conclusion

IT IS THEREFORE ORDERED that Signify's motion to strike uncharted prior-art references in the defendants' invalidity contentions and the defendants' motion for leave to amend their invalidity contentions **[ECF Nos. 43, 45] are GRANTED**. The defendants' 48 uncharted references are deemed STRUCK, and the defendants have until October 13, 2023, to amend their disclosure to comply with Local Patent Rule 1-8(d) and to amend their invalidity contentions to chart prior-art reference U.S. Pat. No. 5,632,551 ("Roney") in accordance with this district's local patent rules.

**Should any party determine that these developments necessitate a continuance of the claim-construction proceedings scheduled for October 16–17, 2023, they must file a stipulation or emergency motion seeking such a continuance by Tuesday, October 10, 2023.**

_____
U.S. District Judge Jennifer A. Dorsey
October 5, 2023