UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Signify North America Corporation, et al., | Case No.: 2:22-cv-02095-JAD-DJA |
| Plaintiffs | |
| v. | |
| Lepro Innovation Inc., et al., | **Order Granting Motion to Strike** |
| Defendants | [ECF No. 83] |

This is a patent-infringement suit over LED lighting products.  Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, Signify) allege that defendants Lepro Innovation Inc., LE Innovation Inc., Innovation Rules Inc., Home Ever Inc., and Letianlighting Inc. (collectively, Lepro) infringed seven of Signify's patents covering various LED technologies.  Signify moves to strike eight prior-art references from Lepro's amended invalidity claim charts, arguing that the court didn't authorize the addition of these "family references" when granting Lepro leave to amend.[1]  Lepro counters that the court granted it leave to amend these uncharted references to comport with local patent rules, so its charting of these eight family references within the bounds of those rules doesn't run afoul of that prior order.[2]  I grant Signify's motion to strike because whether Lepro can use these uncharted references to directly support its invalidity contentions was never before the court, so this amendment was unauthorized.  But Lepro's interpretation of my earlier order was not entirely unreasonable, so I grant it leave to amend its disclosures consistent with its earlier proposal on the potential, limited use for these family references.

---

[1] ECF No. 83 at 2.

[2] ECF No. 88 at 2–3.

**Background**

Several months ago, I issued an order addressing two disputes that the parties had been unable to resolve without court intervention.[3] Lepro sought leave to amend its contention disclosures to add a single prior-art reference[4] (U.S. Patent No. 5,632,551 (Roney)) "as a secondary reference to be combined with two charted primary references, for the limited purpose of establishing that the combination would render" a claim from an asserted patent obvious.[5] Signify opposed[6] and also moved to strike 48 uncharted prior-art references from the contention disclosures under Local Patent Rule 1-8(d),[7] which requires that prior-art references have a corresponding claim chart identifying how each will be used.[8]

There was no dispute that these 48 prior-art references were uncharted. But Lepro argued that it didn't need to chart them because it proposed to use them solely "for the limited purpose of establishing technology background or state of the art," or—when it came to the few that were "family members or priority documents" of charted references—for "establish[ing] earlier effective filing dates of the charted references to the extent that Plaintiffs dispute whether the charted references predate the asserted patents."[9] Lepro also requested that if the uncharted prior

---

[3] ECF No. 70.

[4] ECF No. 45 at 1–2.

[5] ECF No. 46 at ¶ 7.

[6] ECF No. 49.

[7] ECF No. 43.

[8] L.P.R. 1-8(d) ("[E]ach party opposing a claim of patent infringement must serve on all other parties Non-Infringement, Invalidity, and Unenforceability Contentions that must include . . . [a] chart identifying specifically where in each alleged item of prior art each limitation of each asserted claim is found . . . .").

[9] ECF No. 44 at 2.

art references got struck, it also be given "leave to modify the disclosure to be consistent with [its] proposals set forth" in its response to Signify's motion to strike.[10]

I ultimately struck the 48 uncharted prior-art references because it wasn't "clear from [Lepro's] disclosures that [it] intend[ed] to use all the uncharted references only as background."[11] But, as Lepro requested, I granted it leave to amend its disclosures to cure this noncompliance with Local Patent Rule 1-8(d).[12] And I also found that Lepro had shown good cause for leave to amend its invalidity contentions to chart the Roney reference.[13]

Lepro promptly served its amended contention disclosures.[14] It charted the Roney reference, as I granted it leave to do.[15] And it moved some of the formerly uncharted prior-art references from the "Invalidity Contention and Claim Charts" section to a new "Background References" section.[16] This section's introductory language clarifies that these references are "for background use only" and will "not be relied upon as invalidating prior art."[17] But Lepro didn't include the uncharted family references in this section. Nor did it specify that they are to be used "merely to establish earlier effective filing or priority dates of the charted references."[18]

---

[10] *Id.* at 5.
[11] ECF No. 70 at 4.
[12] *Id.* at 8.
[13] *Id.*
[14] ECF No. 83 at 3.
[15] *See, e.g.,* ECF No. 83-2 at 77–78, 92–94.
[16] *Id.* at 15–19.
[17] *Id.* at 15.
[18] ECF No. 44 at 4.

Instead, Lepro updated its invalidity contentions and charted these eight family references.[19] Signify now moves to strike those references from Lepro's invalidity claim charts.[20]

**Discussion**

The critical question is what was presented to the court for resolution in Lepro's motion for leave to amend and Signify's motion to strike. The only relief Lepro sought via its motion for leave to amend was inclusion of Roney as a secondary reference.[21] And in response to Signify's motion to strike, Lepro requested (in the alternative) "leave to modify the disclosure to be consistent with [its] proposals set forth" in that response.[22] Those proposals were clear. Lepro offered to use uncharted prior-art references only (1) as background on the state of the art, or (2) in the case of uncharted references that are "family" to charted references, to establish earlier effective filing or priority dates.[23] The scope of the leave to amend that I granted Lepro was accordingly circumscribed by the scope of the relief that it requested and upon which my analyses and findings were based.

As Lepro points out, my prior order struck its "48 uncharted references" and relatedly granted it leave to amend its disclosure "to comply with Local Patent Rule 1-8(d)."[24] Lepro states that it understood this to "require that [it] provide amended claim charts for all 'family members' or background references that [it] intended to use to support [its] invalidity

---

[19] *See* ECF No. 83-2 at 19–132.
[20] ECF No. 83.
[21] *See* ECF No. 45 at 1–2; ECF No. 46 at ¶ 7.
[22] ECF No. 44 at 5.
[23] *Id.* at 4. And Lepro proposed to only use these references if Signify "dispute[d] that certain charted references do not predate the asserted patents." *Id.*
[24] ECF No. 70 at 8.

contentions."[25]  But Lepro never actually proposed using any of these uncharted references to substantively support its invalidity contentions.[26]  On the contrary, it specifically stated they would be used solely for different purposes.  So whether or not there was good cause[27] to permit such an amendment was neither before me nor adequately briefed when I issued my opinion granting it leave to amend.

Lepro also points to a sentence from the middle of my order that notes "[if] defendants intend to use any 'family references' to support their invalidity contentions, they must comply with the local patent rules and chart those references accordingly."[28]  But this sentence was intended to highlight that Lepro's proposals were inconsistent with the place where these references appeared in the disclosure and some of the statements it made responding to the motion to strike, which implied that they could potentially be used as invalidating prior art despite not being properly charted.  The sentence that immediately follows notes that "[b]ecause it isn't clear from the defendants' disclosure that *they intend to use all uncharted references only as background, that disclosure is deficient*."[29]  The "deficiency" was that the disclosures didn't adequately specify that Lepro proposed only limited uses for these uncharted references.  And this is the deficiency that I granted Lepro leave to amend to address.

---

[25] ECF No. 88 at 3.

[26] Lepro did suggest that use of these family references to advance its invalidity theories would "not sandbag [Signify] with new invalidity theories" given the overlap of the charted patents and their family references, but it only actually proposed using them for the limited purpose of establishing earlier effective filing or priority dates.  See ECF No. 44 at 4.

[27] *See* L.P.R. 1-12 (amendments to disclosures cannot generally be made "absent a showing of good cause").

[28] ECF No. 70 at 4.

[29] *Id.* (emphasis added).

This is not to say that there necessarily isn't good cause for charting these family references themselves. Lepro may be able to demonstrate that there is. But it must do so via a motion for leave to amend that clearly describes the relief it is seeking and shows good cause for it. Because Lepro never requested leave to chart any of these uncharted references and to use them substantively to support its invalidity contentions, my order granting it leave to amend didn't provide such relief.

## Conclusion

IT IS THEREFORE ORDERED that Signify's motion to strike the eight prior-art family references from Lepro's amended invalidity claim charts **[ECF No. 83] is GRANTED.** Lepro's eight prior-art references are deemed STRUCK**, and Lepro has until December 14, 2023, to amend its disclosure** to specify that these eight prior-art references can be used only for establishing earlier effective filing or priority dates of charted references, and only if Signify disputes that certain charted references do not predate the asserted patents.

_____
U.S. District Judge Jennifer A. Dorsey
December 4, 2023