UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRO INNOVATION INC., LE INNOVATION INC., INNOVATION RULES INC., HOME EVER INC., and LETIANLIGHTING, INC.,<br><br>Defendants. | Case No. 2:22-cv-02095-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Seal. ECF No. 147. Defendants seek to seal its Response to Plaintiffs' Motion to Compel and Exhibit B thereto (ECF 145) because these documents contain highly confidential information. *Id.* at 2.

As the party seeking to seal a judicial record, Defendants must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force …." *Id.*, 417 F.3d at 1179 (citation omitted).

The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

The Court reviewed the Motion to Seal Defendants' Response to Plaintiffs' Motion to Compel and Exhibit B. The Court finds the Response and Exhibit B contain confidential and proprietary information that are properly sealed. The Court also finds the redactions in the publicly filed Response are proper as they refer to the Exhibit the Court agrees should be sealed.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Seal (ECF No. 147) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Response to Plaintiffs' Motion to Compel and Exhibit B, filed under seal at ECF No. 145, are and shall remain sealed.

Dated this 28th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE