F. Christopher Austin (SBN 6559)
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 382-4804
Email: caustin@weidemiller.com

Jeremy P. Oczek (Pro hac vice)
BOND, SCHOENECK & KING, PLLC
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
Email: jpoczek@bsk.com

Jonathan L. Gray (Pro hac vice)
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8500
Email: jlgray@bsk.com

*Counsel for Plaintiffs*
*Signify North America Corporation*
*and Signify Holding B.V.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V. <br><br> Plaintiffs, <br> vs. <br><br> LEPRO INNOVATION INC, LE INNOVATION INC, INNOVATION RULES INC., HOME EVER INC., and LETIANLIGHTING, INC., <br><br> Defendants. | Case No.: 2:22-cv-02095-JAD-EJY <br><br> **ORDER GRANTING** <br> **PLAINTIFFS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' INVALIDITY DEFENSE AS TO U.S. PATENT NO. 7,014,336** <br><br> ECF No. 141 |

Pursuant to Federal Rule 56 and Local Rule 56-1, Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") hereby move for partial summary judgment on Defendants' invalidity defense as to U.S. Patent No. 7,014,336 (the '336 Patent).

## I.      INTRODUCTION AND MEET AND CONFER CERTIFICATION

Defendants Lepro Innovation Inc., LE Innovation Inc., Innovation Rules Inc., Home Ever Inc., and Letianlighting Inc. (collectively, "Defendants") stand accused of infringing six of Signify's patents covering various LED technologies. In an effort to avoid liability in this case, Defendants assert in their Answer that each of these patents is allegedly invalid.

With respect to the '336 Patent, Defendants and their proffered expert have relied exclusively on two patent references, Shimizu and Kuwabara, that do not qualify as prior art and cannot be used to establish patent invalidity under 35 U.S.C. § 102 as a matter of law. A reference used to support an alleged claim of patent invalidity ***must actually predate the patent at issue***. *ATEN Int'l Co., Ltd. v. Uniclass Tech. Co., Ltd.*, 932 F.3d 1364, 1368 (Fed. Cir. 2019). Shimizu and Kuwabara do not predate the filing of the '336 Patent under the applicable law of 35 U.S.C. § 102(e) (pre-AIA).

When confronted with this issue in a "meet and confer" on August 7, 2024, Defendants' counsel agreed that Shimizu and Kuwabara do not qualify as prior art as to the '336 Patent.[1] Yet, Defendants refused to withdraw their expert's invalidity opinions regarding the '336 Patent and stated that Defendants were only amenable to addressing this issue through an unopposed motion for summary judgment.[2] While Signify believes this effort to be a waste of party and judicial resources, Defendants have left Signify with no choice but to proceed with such a motion to remove this issue from the case.

Accordingly, Plaintiffs respectfully request partial summary judgment dismissing Plaintiffs' affirmative defense of patent invalidity with respect to the '336 Patent.

---

[1] Declaration of Jeremy P. Oczek ("Oczek Decl.") (attached hereto as **Exhibit 1**), ¶¶ 4-13; *see,* Email correspondence dated Aug. 2-8, 2014, between Jeremy Oczek and Nicholas Brown (attached hereto as **Exhibit 4**).

[2] *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     CONCISE STATEMENT OF MATERIAL UNDISPUTED FACTS

In accordance with Local Rule 56-1, Signify submits the following concise statement setting forth each fact material to the disposition of the present motion for summary judgment that the Signify claims is or is not genuinely in issue, along with citations to the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which Signify relies.

### A.     The Present Litigation

1.      Defendants stand accused in this action of infringing six Signify patents, including the '336 Patent.[3]

2.      Defendants filed an Answer in this case alleging broadly, without any substance or facts, that the '336 Patent is invalid.[4]

3.      Defendants bear the burden of proof on their affirmative defense of invalidity of the '336 Patent by clear and convincing evidence.[5]

### B.     The '336 Patent

4.      The '336 Patent, titled "Methods and Apparatus for Providing Power to Lighting Devices," was filed on November 20, 2000.[6]

5.      The '336 Patent is presumed valid.[7]

### C.     Defendants' Invalidity Defense as to the '336 Patent

6.      On May 19, 2023, Defendants served their invalidity contentions pursuant to Local Patent Rule 1-8 alleging that the '336 Patent was invalid as anticipated or obvious in view of U.S. Patent No. 6,577,073 ("Shimizu") and U.S. Patent No. 6,508,564 ("Kuwabara"). Defendants did

---

[3] *See* ECF 1, Complaint for Patent Infringement, Count One, at ¶¶ 43-56.

[4] *See* ECF 26, Defendants' Answer to Plaintiffs' Complaint, Third Affirmative Defense, at pg. 21.

[5] *See Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002).

[6] *See* ECF 1-1, '336 Patent.

[7] "A patent shall be presumed valid. Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282.

not chart any other references in their invalidity contentions for the '336 Patent as required by Local Patent Rule 1-8.[8]

7.    The only other ground of invalidity raised by Defendants in their invalidity contentions was alleged indefiniteness of claims 132 and 186 under 35 U.S.C. 112, but this ground was rejected by the Court's Claim Construction Order issued on December 4, 2023.[9]

8.    On June 5, 2023, Signify served responses to Defendants' invalidity contentions pursuant to Local Patent Rule 1-8 in which Signify expressly informed Defendants that Shimizu and Kuwabara were not entitled to their foreign priority dates. Accordingly, Defendants have been on notice for over a year that Shimizu and Kuwabara do not qualify as prior art to the '336 Patent.[10]

9.    Shimizu stems from an application that was filed in the United States on May 25, 2001, [11] *after* the November 20, 2000, filing date of the '336 Patent.

10.    Kuwabara stems from an application that was filed in the United States on November 22, 2001, [12] *after* the November 20, 2000, filing date of the '336 Patent.

11.    On July 22, 2024, Defendants served an expert report of John W. Curran, Ph.D. regarding alleging that the '336 Patent was invalid as anticipated or obvious in view Shimizu and Kuwabara. [13]

12.    Defendants' invalidity defense and Dr. Curran's invalidity opinion as to the '336 Patent rely exclusively on the availability of Shimizu or Kuwabara as prior art.[14]

13.    In the parties' meet and confer on August 7, 2024, Defendants' counsel agreed that Shimizu and Kuwabara do not qualify as prior art to the '336 Patent and, thus, cannot be used to establish invalidity under 35 U.S.C. § 102 as a matter of law.[15]

---

[8] *See* Exhibit 1, Oczek Decl., at ¶ 4.
[9] *See* ECF 91, Claim Construction Order, at 3-6.
[10] *See* Exhibit 1, Oczek Decl., at ¶ 6.
[11] *See* Exhibit 2, Shimizu.
[12] *See* Exhibit 3, Kuwabara.
[13] *See* Exhibit 1, Oczek Decl., at ¶ 7.
[14] *See* Exhibit 1, Oczek Decl., at ¶ 8.
[15] *See* Exhibit 1, Oczek Decl., at ¶ 10.

14.     In the parties' meet and confer on August 7, 2024, Defendants' counsel confirmed that Defendants would not oppose a motion for summary judgment on Defendants' invalidity position on the '336 Patent.[16]

15.     On August 8, 2024, Plaintiffs' counsel wrote to Defendants' counsel to confirm the discussion during the parties' meet and confer on August 7, 2024. The correspondence stated:

> Thank you for your confirmation on yesterday's meet and confer that the Shimizu and Kuwabara references relied upon by Dr. Curran for his invalidity positions regarding the '336 Patent are not prior art references under 102(e). You also confirmed that Defendants would not oppose a motion for summary judgment on Defendants' invalidity position on the '336 Patent. Yet Defendants refused to withdraw Dr. Curran's invalidity opinions regarding the '336 Patent and stated that they were only amenable to addressing this issue through an unopposed motion for summary judgment. While we believe this effort to be a waste of party and judicial resources, the Defendants have left Signify with no choice but to proceed with such a motion to remove this issue from the case. Given that the parties agree that Shimizu and Kuwabara are not prior art references under 102(e), Dr. Pattison will not be providing a substantive response to the Shimizu and Kuwabara references in his rebuttal report given that these references are moot.[17]

16.     Defendants' counsel has not objected to Plaintiffs' above-recited confirmation of the August 7, 2024 meet and confer.[18]

## III.     LEGAL STANDARD

Summary judgment is appropriate when, as here, the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the court views the evidence through the evidentiary standard of proof that would pertain at a trial on the merits. *Anderson*, 477 U.S. at 252–53. Under the patent statutes, a patent enjoys a presumption of validity, *see* 35 U.S.C. § 282, which

---

[16] *See* Exhibit 1, Oczek Decl., at ¶ 11.

[17] *See* Exhibit 1, Oczek Decl., at ¶ 12; *see also* Exhibit 4, email correspondence from Plaintiffs' counsel Mr. Oczek to Defendants' counsel Mr. Brown, dated August 8, 2024.

[18] *See* Exhibit 1, Oczek Decl., at ¶ 13.

can be overcome only through facts supported by clear and convincing evidence, see *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1563 (Fed. Cir. 1997).

When a non-movant cannot come forward with any evidence to support its defense, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case"). The absence of evidence supporting a patent invalidity defense fails to raise a material issue of fact and may therefore result in summary judgment of no patent invalidity. *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1311 (Fed. Cir. 2011).

## IV.   SIGNIFY IS ENTITLED TO PARTIAL SUMMARY JUDGMENT

Defendants' invalidity defense as to the '336 Patent is based on two references that do not qualify as prior art to the '336 Patent as a matter of black letter patent law. More specifically, Defendants' claim of invalidity for the '336 Patent is entirely dependent on Defendants' (admittedly) erroneous belief that Shimizu and Kuwabara are prior art under 35 U.S.C. § 102(e) (pre-AIA) as of its May 31, 2000, foreign priority claim, *i.e.*, the date when an earlier application was filed in Japan. Defendants' (admittedly) erroneous position is contrary to the law.

As stated in Section § 102(e) (pre-AIA), an applicant is entitled to a patent unless the invention was described in a published application or granted patent that was "***filed in the United States*** before the invention by the applicant." 35 U.S.C. § 102(e) (pre-AIA) (emphasis added). It has been long-settled law that this language in Section 102(e) means that a published United States application or issued United States is prior art only as of its earliest filing date ***in the United States*** – not any earlier foreign priority date. *In re Hilmer*, 359 F.2d 859 (C.C.P.A. 1966) (expressly rejecting the foreign application filing date as the effective date of the reference as prior art).

Shimizu is only available as prior art as of Shimizu's earliest filing date in the United States, *i.e.*, May 25, 2001, which was more than six months ***after*** the '336 Patent was filed. As a result, Shimizu is not prior art to the '336 Patent under 35 U.S.C. § 102(e) (pre-AIA).

-5-

Kuwabara is also only available as prior art as of Kuwabara's earliest filing date in the United States, *i.e.*, November 22, 2001, which was more than one year ***after*** the '336 Patent was filed. As a result, Kuwabara is not prior art to the '336 Patent under 35 U.S.C. § 102(e) (pre-AIA).

It is axiomatic that a reference used to support a claim of patent invalidity must actually predate the patent at issue. *ATEN Int'l Co., Ltd. v. Uniclass Tech. Co., Ltd.*, 932 F.3d 1364, 1368 (Fed. Cir. 2019). There is no factual dispute regarding the United States filing dates of the Shimizu and Kuwabara references, so the determination of whether they qualify as prior art is a question of law. *See Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1332-33 (Fed. Cir. 2009).

The two references, Shimizu and Kuwabara, on which Defendants' entire affirmative defense of invalidity for the '336 Patent depends do not actually predate the filing date of the '336 Patent and thus fail to quality as prior art under 35 U.S.C. § 102.

There is no factual dispute here. The issue raised by this motion is simply a matter of law. The parties agree that Shimizu and Kuwabara are not prior art references under 35 U.S.C. § 102, and Defendants have no other grounds of invalidity for the '336 Patent.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-6-

**PLAINTIFFS' UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANTS' INVALIDITY DEFENSE AS TO U.S. PATENT NO. 7,014,336**

1  **V.   CONCLUSION**

2      As Defendants' affirmative defense that the '336 Patent is invalid relies entirely on patent

3  references that Defendants now admit are not prior art to the '336 Patent, and as Defendants have

4  no other grounds of invalidity for the '336 Patent, Signify respectfully requests that the Court grant

5  partial summary judgment dismissing Defendants' invalidity defense as to the '336 Patent.

6  Dated: August 19, 2024                  Respectfully submitted,

7                                          */s/ F. Christopher Austin*
                                           F. Christopher Austin (SBN 6559)
8                                          WEIDE & MILLER, LTD.
                                           10655 Park Run Drive, Suite 100
9                                          Las Vegas, Nevada 89144
                                           Telephone: (702) 382-4804
10                                         Email: caustin@weidemiller.com

11                                         Jeremy P. Oczek (*Pro hac vice*)
                                           BOND, SCHOENECK & KING, PLLC
12                                         200 Delaware Avenue
                                           Buffalo, New York 14202
13                                         Telephone: (716) 416-7000
                                           Email: jpoczek@bsk.com
14
                                           Jonathan L. Gray (*Pro hac vice*)
15                                         BOND, SCHOENECK & KING, PLLC
                                           One Lincoln Center
16                                         Syracuse, New York 13202
                                           Telephone: (315) 218-8500
17                                         Email: jlgray@bsk.com

18                                         *COUNSEL FOR PLAINTIFFS*
                                           *Signify North America Corporation and*
19                                         *Signify Holding B.V.*

20

21          **ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

22      As the deadline to oppose this motion for summary judgment passed without response or
request to extend the deadline to file one, and plaintiffs have demonstrated that the defendants'
23  invalidity defense as to U.S. Patent No. 7,014,366 (the '336 Patent) is unsupported by the record
and that plaintiffs are entitled to judgment on that affirmative defense as a matter of law, **IT IS**
24  **ORDERED that Plaintiffs' Unopposed Motion for Partial Summary Judgment on**
**Defendants' Invalidity Defense as to U.S. Patent No. 7,014,336 [ECF No. 141] is**
25  **GRANTED, and defendants' invalidity defense as to the '336 Patent is DISMISSED.**

26

27  _____
U.S. District Judge Jennifer A. Dorsey
28                                         Dated: September 10, 2024

-7-