UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>LEPRO INNOVATION INC., LE INNOVATION INC., INNOVATION RULES INC., HOME EVER INC., and LETIANLIGHTING, INC.,<br><br>Defendants. | Case No. 2:22-cv-02095-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Seal. ECF No. 161. Defendants move to seal the entirety of its Motion for Summary Judgment and all exhibits as they have filed the same under seal and not filed a redacted version of the Motion or the exhibits that need not be sealed on the publicly available docket.

As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). Compelling reasons require a demonstration that the documents to be sealed, if publicly available, would become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Moreover, well-settled law establishes (1) "requests to seal must be narrowly tailored" (*Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, Case No. 3:17-cv-01118-BEN-BLM, 2018 WL 3055938, at \*3 (S.D. Cal. June 14, 2018); *Doe v. L. Offs. of Winn & Sims*, Case No. 06-cv-00599-H-AJB, 2021 WL 2662311, at \*1 (S.D. Cal. June 29, 2021)), and (2) reliance on a protective order is insufficient to establish documents are properly sealed. *Heath v. Tristar Products,*

*Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) *citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992).

Here, Defendants state they are not the party that seeks to seal the documents presently sealed; rather, it is Plaintiffs who seek to keep these exhibits from the public.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Seal (ECF No. 161) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendants **must** no later than **November 4, 2024** file a redacted version of their Motion for Summary Judgment, together with all exhibits other than Exhibits B and C, on the publicly available docket.

IT IS FURTHER ORDERED that ECF No. 160 will remain temporarily sealed.

IT IS FURTHER ORDERED that Plaintiffs must file a memorandum explaining why any portion of Exhibits B and C must be sealed no later than **November 12, 2024**.

IT IS FURTHER ORDERED that if the entirety of Exhibits B and C need not be sealed, Plaintiffs must work with Defendants to identify what should be redacted and the redacted version of Exhibits B and C **must** be filed on the publicly available docket no later than **November 12, 2024**.

Dated this 28th day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE