**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Signify North America Corporation, et al.,

      Plaintiffs

v.

Lepro Innovation Inc. et al.,

      Defendants

Case No.: 2:22-cv-02095-JAD-EJY

**Order Granting Motion to Exclude, Motions to Seal, and Motion for Leave to File a Reply**

[ECF Nos. 232, 233, 234, 236, 237]

This patent-infringement case is set to go to trial on Monday.  Earlier this week, Signify alerted the court to its belief that Lepro was planning on asserting an affirmative defense of patent exhaustion or implied license.  Signify moves to exclude any evidence or argument related to these defenses, arguing that Lepro's attempt to raise them for the first time on the eve of trial is prejudicial and should be precluded.

**The Dispute**

The relevant history of this dispute begins in January of 2025.  That month, Lepro's counsel emailed Signify's counsel, asking if "Signify agrees that products Lepro purchases from Klite[, a Signify-controlled manufacturer,] are licensed by Signify."[1]  Signify responded that "fully completed luminaires purchased from Klite . . . would be subject to patent exhaustion" and, "[i]f Lepro were to agree to a license to the EnabLED program, Lepro would need to report SKUs purchased from Klite as exempt and royalties would not be owed on such products."[2]

---

[1] ECF No. 233-3 at 3.

[2] *Id.*

Lepro allegedly began purchasing products from Klite in July 2025.[3]  In November 2025, Lepro produced all Q1–Q3 sales data for all accused products.  Those documents identified "which sales corresponded to products purchased from Klite."[4]  On December 23, 2025, Signify served an 824-page supplemental damages-expert report that apparently included the Klite purchases in its damages calculations.  Lepro didn't realize this until Lepro produced its Q4 sales data, again specifying that some of its purchases were from Klite, and Signify demanded that Lepro remove the column identifying Klite products.[5]  At that point Lepro reviewed the 824-page report and for the first time "appreciated that Signify was seeking a double recovery and that it would need to present patent exhaustion and implied license defenses."[6]

The parties agree that patent exhaustion and implied license are waivable affirmative defenses.[7]  Signify argues that Lepro has waived them by waiting until the eve of trial to raise them.  Lepro responds that the circumstances permit it to raise the defenses anyway (and, if necessary, to amend its pleadings to add the defenses now) because doing so will "aid in presenting the merits" and will not prejudice Signify.[8]  As detailed in Lepro's response and Signify's reply, on January 29, 2025, Lepro produced to Signify purchase orders and other documents that Lepro contends support its affirmative defenses.  Lepro also produced a supplemental damages-expert report that supports its new patent-exhaustion and implied-license defenses.

---

[3] Signify appears to dispute the date upon which Lepro began purchasing from Klite, but I find that this dispute is irrelevant to resolving this motion.

[4] ECF No. 235 at 5 (citing sealed sales-data disclosures).

[5] ECF No. 233-3 (filed under seal).

[6] ECF No. 235 at 9.

[7] *See* ECF No. 233 at 7–8; ECF No. 235 at 7.

[8] Fed. R. Civ. P. 15(b)(1).

2

**Ruling**

I find that Lepro has waived its ability to raise these affirmative defenses. The facts supporting the parties' motions on this issue clearly demonstrate that in January 2025, Lepro knew it might begin purchasing Klite products with the understanding that sales from those products would be "subject to patent exhaustion." Lepro was also put on notice that certain conditions would have to be met for its purchases from Klite (i.e., that the products be "fully completed luminaires"). This means that Lepro was aware a full year ago that purchasing products from Klite had legal significance but it did nothing to disclose its intention to seek exemption of those products from potential damages. It did not amend its answer to include a patent-exhaustion defense or, at the very least, respond to Signify affirming its intent to begin purchasing Klite products with the understanding that sales from those purchases would be excluded from the damages sought in this case. It didn't mention this issue in its trial brief or propose a jury instruction.

This late disclosure prejudices Signify. Lepro's January 29 production of documents underscores the evidentiary issues that cannot be resolved before trial begins on Monday. Most of the purchase orders are in Chinese, leaving this court—and a jury—guessing as to what they actually say. Signify's reply appears to contend that those purchase orders may be made out to "an entity that is not any of the Defendants"—a fact that this court cannot confirm or reject because this judge doesn't read Chinese. And the documents are untethered from any evidence showing "[w]hether and how [the] purchase orders correspond to ultimate sales of accused products in this case."[9] Lepro's suggestion that this evidentiary prejudice can be cured by a "brief continuance" of this trial—that is scheduled to start in approximately two business

---

[9] ECF No. 237-1.

3

hours—is not well taken.  The parties announced that they were ready for trial weeks ago, and this court has expended substantial resources to resolve many last-minute disputes, prepare for trial, and arrange for a jury to be here on Monday.  This court will not waste those resources by delaying this trial because of Lepro's late disclosure.

So I grant Signify's motion to exclude evidence and argument related to the affirmative defenses of patent exhaustion and implied license.  That ruling encompasses Lepro's January 29 disclosure of documents and its supplemental expert report.  I also grant the parties' motion to seal various documents related to this motion, most of which consist of confidential sales data, because good cause exists to keep those discovery materials private.  And for good cause I grant Signify's motion for leave to file a reply.

**Conclusion**

IT IS THEREFORE ORDERED that Signify's motion to exclude argument and evidence regarding patent exhaustion or implied license **[ECF Nos. 232, 233] is GRANTED**.

IT IS FURTHER ORDERED that the parties' motions to seal **[ECF Nos. 234, 236] are GRANTED.**  The Clerk of Court is directed to MAINTAIN THE SEAL on ECF Nos. 233 and 236.

IT IS FURTHER ORDERED that Signify's motion for leave to file a reply **[ECF No. 237] is GRANTED.**

_____
U.S. District Judge Jennifer A. Dorsey
January 30, 2026

4